UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| CHARLES A. GRAVENHORST, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 02-79-P-H |
| | ) | |
| | ) | Civil No.  07-126-P-H |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |

### Order Re: Motion for Evidentiary Hearing (Docket No. 43) and Motion to Appoint Counsel (Docket No. 44).

Pending in this court is a 28 U.S.C. § 2255 motion filed by Charles Gravenhorst. Gravenhorst was convicted by a federal jury in March 2003 of four counts of using a computer in interstate commerce to induce a minor to engage in illegal sex acts, six counts of using a computer in interstate commerce to transfer obscene matter to a minor, and one count of using an interactive computer service for carriage of obscene material in interstate commerce.  This court sentenced Gravenhorst to ten concurrent terms of 96 months and one concurrent term of 60 months.  In his motion for habeas relief Gravenhorst presses thirty-five ineffective assistance of counsel claims apropos the representation of his attorneys through the sentencing proceedings and a handful of direct challenges to his convictions on Counts 5 through 11.  In support of his motion Gravenhorst has filed an affidavit, signed under the penalty of perjury (Gravenhorst Aff. At 1 & 15, Docket No. 29-3), that contains a great many factual assertions pertaining to his relationship with his trial attorney and appellate counsel.

The 28 U.S.C. § 2255 motion has been briefed; the United States has filed a motion for summary dismissal, arguing that it is unnecessary to hold an evidentiary hearing.

On May 2, 2008, this court docketed a "Motion to Reconsider Evidentiary Hearing and Appointment of Counsel" filed by Gravenhorst (Docket Nos. 43 &44.)[1]  Gravenhorst opines: "Numerous questions of fact critical to claims raised have either not been denied or not sufficiently refuted by the government and, therefore, if not deemed conceded, require an evidentiary hearing, with counsel appointed, to properly establish the record.

I now give the United States until May 27, 2008, to respond to Gravenhorst's motion for reconsideration seeking an evidentiary hearing and the appointment of counsel.  I direct its attention to the factual averments in Gravenhorst's affidavit and the portions of the First Circuit's decisions on direct appeal noting the potential that Gravenhorst's claims of ineffective assistance of counsel may require further factual development in a 28 U.S.C. § 2255 proceeding.  See United States v. Gravenhorst, 377 F.3d 49, 52 (1st Cir. 2004) ("The government requests that we address (and reject) certain of Gravenhorst's arguments now and defer the rest to the collateral proceedings under 28 U.S.C. § 2255. In our view, the better course is to defer all of Gravenhorst's ineffective assistance claims to the § 2255 proceedings so that he may have an opportunity for a court to review these claims after thorough briefing and further factual development."); United States v. Gravenhorst, No. 03-2057, 2006 WL 1813906, 1 n.1 (1st Cir. July 3, 2006); id. at  3 n.4.

*So Ordered.*
May 5, 2008.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge

---

[1] On July 18, 2007, I entered the following order:
ORDER denying [Gravenhorst's] Motion to Appoint Counsel ; denying [Gravenhorst's] Motion for Oral Argument/Hearing; the court will sua sponte reconsider these motions should an evidentiary hearing be required or in the event the interests of justice indicate appointment of an attorney would be appropriate. No such circumstances presently exist given the []current state of the pleadings.
(Docket No. 9.)

2