UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| CHARLES A. GRAVENHORST,  )<br>                                            )<br>           PETITIONER          )<br>                                            )<br>v.                                        )<br>                                            )<br>UNITED STATES OF AMERICA,  )<br>                                            )<br>           RESPONDENT        ) | CIVIL NO. 07-126-P-H<br>[Crim. No. 02-79-P-H] |

**ORDER ON PETITIONER'S MOTIONS**

After several extensions, including a warning that there would be no more, the last deadline came and went with no filing by the petitioner of objections to the Magistrate Judge's Recommended Decision on his petition for Section 2255 relief. Accordingly, after waiting a few extra days for possible mail delays, I accepted the Recommended Decision, noting that there had been no objection. Order Adopting Report and Recommended Decision (Docket Item 62). Judgment entered accordingly on November 14, 2008. Now the petitioner has filed a Motion to Reconsider Judgment (Docket Item 66), stating that he deposited his objections in the prison mail system on time (as granted by the previous extensions). I now **GRANT** the motion for reconsideration.

The petitioner also moves to amend his objections to the Recommended Decision. Mot. to Amend Pet'r's Objections to Magistrate's Report and Recommended Decision (Docket Item 68). Although any new arguments are

clearly out of time given the several extensions, I **GRANT** the motion to amend the objections.

The petitioner also has filed a Motion for Recusal of Trial Judge (Docket Item 67). I **DENY** that motion. The rules for Section 2255 proceedings provide for the trial and sentencing judge to consider petitions like these. Rules Governing § 2255 Proceedings, R. 4(a), 28 U.S.C. foll. § 2255. The cases the petitioner cites from the First Circuit are not to the contrary. See Tracey v. United States, 739 F.2d 679, 681-82 (1st Cir. 1984) (noting Rule 4 and holding that it was not improper for the judge who tried the case to also decide the petitioner's Section 2255 motion); Pet'r's Mot. for Recusal at 2. There is no basis for any assertion of bias here to overcome the Rule.

The petitioner also has filed a Motion for Leave to Amend Petition Filed Under 28 U.S.C. § 2255 (Docket Item 69). That motion is **DENIED**. No sufficient grounds are advanced for such a late amendment. The petitioner has had abundant opportunity to make his arguments and has availed himself of the opportunity.

Upon reconsideration of the Recommended Decision and the petitioner's objections and amended objections, I now **OVERRULE** the objections and amended objections. I have read all of the petitioner's filings preceding and following the Recommended Decision, and I find upon *de novo* review of the Magistrate Judge's decision that she has appropriately addressed all the petitioner's arguments. I therefore adopt the Recommended Decision and add only these comments.

The petitioner dwells upon certain errors in typing or syntax on the Recommended Decision as grounds to ignore it (asking that it be withdrawn and reassigned), asserting an "absence of basis [sic] literacy." Pet'r's Objections to Report and Recommended Decision at 1 (Docket Item 64). The meaning of the challenged passages, however, is clear.

The petitioner challenges the Magistrate Judge's reference to a government "motion for summary dismissal." Id. at 3. There was no motion as such, but the government did ask the Magistrate Judge to decide the petition without an evidentiary hearing, and that is clearly what the Magistrate Judge was referring to.

I have already addressed the petitioner's challenges to my role as reviewing judge in denying his motion for recusal.

The fact that the petitioner's lawyer sought his views during jury selection, see Pet'r's Aff. at 7 (Docket Item 23-3), does not demonstrate a lack of strategy by the lawyer or inadequate assistance of counsel. A defendant has a right to be involved in the jury selection process, and the lawyer therefore acted properly in seeking his views. See Pointer v. United States, 151 U.S. 396, 405 (1894) (noting that "it [is] one of the substantial rights of the prisoner to be brought face to face with the jurors at the time when the challenges [are] made" (internal quotation omitted)). The petitioner's other assertions about his lawyers' attitude, conduct and statements at trial and sentencing, if true, demonstrate insensitivity and unprofessionalism on the lawyer's part, but do not show inadequate assistance of counsel in how the lawyer defended him at trial and sentencing. See United States v. De La Cruz, 514 F.3d 121, 140-41 (1st Cir. 2008). (For a lawyer to be

3

combative in preparing a defendant for possibly taking the stand to testify, for example, is not bad lawyering; how a defendant will survive a withering cross-examination is part of the calculus for this important trial decision. Cf. Lema v. United States, 987 F.2d 48, 52 (1st Cir. 1993) (noting that "[u]naccompanied by coercion, legal advice [counseling against] exercise of the right to testify infringes no right").)

The petitioner wants me to overrule the ruling of the Court of Appeals for the First Circuit affirming his conviction because of a recent decision from the Seventh Circuit. He argues that the First Circuit decision "is supported by no authority for its extraordinary and novel standard for culpability. In fact, support for the First Circuit's opinion is found nowhere among the United States Courts of Appeals, or in the Supreme Court," and it is "clearly erroneous." Pet'r's Objections to Report and Recommended Decision at 16, 17 (Docket Item 64-2). He also tells me that a recent First Circuit decision is "in substantial conflict with[ ] the First Circuit's 2006 decision upholding conviction in the instant case," and that the First Circuit decision that upheld his conviction "is non-authoritative. It is not good law." Amendments to Pet'r's Objections at 1, 3 (Docket Item 68-2). As a subordinate judge, I cannot grant the petitioner relief on any such arguments.

Finally, I also find at this time that no certificate of appealability should issue because there is no substantial issue that could be presented on appeal. See Fed. R. App. P. 22(b); 1st Cir. R. 22.1.

4

**SO ORDERED.**

**DATED THIS 9TH DAY OF DECEMBER, 2008**

                                        /S/D. BROCK HORNBY
                                        **D. BROCK HORNBY**
                                        **UNITED STATES DISTRICT JUDGE**

Case 2:07-cv-00126-DBH   Document 70   Filed 12/09/08   Page 5 of 5   PageID #: 742